UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 7256 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| AMAZON.COM, INC., SMX LLC, d/b/a Staff Management–SMX, and STAFF MANAGEMENT SOLUTIONS LLC, d/b/a Staff Management–SMX, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

After being turned down for a job, Gregory Williams filed this putative class action, which alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Doc. 1. Defendants made Williams an offer of judgment under Federal Rule of Civil Procedure 68, Doc. 62-1, Williams moved to strike the offer, Doc. 69, and the court denied the motion, Doc. 77. This opinion explains that decision.

Rule 68 allows the defendant in a civil suit to make a settlement offer in the form of "an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer, the clerk of court enters the judgment and the case is over. *Ibid*. If the plaintiff declines the offer and goes on to win a judgment that is "not more favorable than the unaccepted offer," the plaintiff must reimburse the defendant for the costs it "incurred after the offer was made." Fed. R. Civ. P. 68(d).

Sometimes the defendant will make a Rule 68 offer that gives the plaintiff all the relief he seeks. It used to be doctrine in the Seventh Circuit that if a plaintiff rejected such an offer, the case became moot. *See Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752 (7th Cir. 2010);

1

*Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991). That was true even in putative class actions, so long as the offer was made before the plaintiff moved under Rule 23 for class certification; if the defendant offered the plaintiff everything he requested *for himself* before he moved for class certification, the case was mooted even if the offer granted no relief to the putative class. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011).

The Seventh Circuit recently altered the landscape in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). *Chapman* held that because a case is moot only if the court cannot grant relief, and because an unaccepted Rule 68 offer does nothing to prevent a court from granting relief, an unaccepted offer, even one offering the plaintiff complete relief, cannot make a case moot. *Id*. at 786 (citing *Knox v. Serv. Emps. Int'l Union*, 132 S. Ct. 2277, 2287 (2012)). *Chapman* overruled the Seventh Circuit's earlier cases "to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy." *Id*. at 787. *Chapman* took pains to note, however, that it was not rejecting the general proposition that "[y]ou cannot persist in suing after you've won." *Ibid*. (quoting *Greisz*, 176 F.3d at 1015). Instead, *Chapman* explained, it was holding only that the rule against a plaintiff continuing to litigate after receiving an offer of complete relief was an affirmative defense, "perhaps in the nature of an estoppel or a waiver," rather than a jurisdictional bar. *Ibid*.

On June 1, 2015, before Williams moved to certify a class, Defendants made him a Rule 68 offer. Doc. 55 at 12. Williams rejected the offer, and Defendants moved for summary judgment under *Chapman*'s estoppel/waiver principle. Doc. 52. The court denied the motion in an oral ruling on the ground that Defendants had not offered Williams complete relief, *i.e.*, everything that he had demanded. Doc. 59; *see Smith v. Greystone Alliance, LLC*, 772 F.3d 448,

2

450 (7th Cir. 2014) (pre-*Chapman*) ("[A] jurisdictional dismissal is proper only if the defendant offers more than the plaintiff's demand. … An excessive demand may lead to sanctions for frivolous litigation but does not diminish the court's jurisdiction. A defendant cannot have the suit dismissed by making an offer limited to what it concedes the plaintiff is entitled to receive, even if the defendant happens to be right about its view of the plaintiff's entitlement, because deciding that entitlement resolves the merits.").

Just before Williams moved for class certification, Doc. 60, Defendants followed up with a more generous Rule 68 offer, Doc. 62-1. Williams rejected that offer, too, and Defendants moved for leave to file an amended summary judgment motion—again on the ground that Williams had rejected complete relief and therefore had no right to keep litigating. Doc. 62. Williams then filed the "motion to strike" at issue in this opinion. Doc. 69. "Motion to strike" is placed in scare quotes because in fact the motion requested two forms of relief: first, for the court to strike from Defendants' proposed summary judgment motion the email containing the second Rule 68 offer; and second, for the court to declare invalid the second Rule 68 offer, so that Williams has no risk of being saddled with Defendants' costs if he obtains a judgment less favorable than the offer. *Id*. at 3 n.2, 7.

The court denied Williams's motion. Doc. 77. Because Defendants' motion for leave to file an amended summary judgment motion also was denied, there is no need to discuss Williams's request to strike the attachment to it. However, the court also denied his request that the court declare invalid the second Rule 68 offer, and that decision bears further explanation.

Williams argued that the offer is invalid because Rule 68 does not apply to putative class actions. Doc. 69-1. That is wrong. Nothing in the text of Rule 68, Rule 23, or any other rule or statute supports the existence of such an exception. Williams pointed to Rule 68(b), which states

3

in relevant part that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). According to Williams, Rule 68(b) prohibits using evidence of an unaccepted Rule 68 offer in a summary judgment motion, and courts should punish efforts to do so by invalidating the offer altogether.

That makes no sense. While one plausibly could argue that attaching an unaccepted Rule 68 offer to a *Chapman* motion violates Rule 68(b), *see Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1536 (2013) (Kagan, J., dissenting) (maintaining that Rule 68(b) "prohibits a court from considering an unaccepted offer for any purpose other than allocating litigation costs—including for the purpose of entering judgment for either party"), it does not follow that a court should punish the movant by voiding the offer. "[T]he fact that evidence may be inadmissible for one purpose does not mean that it is inadmissible for all purposes." *Barber v. City of Chicago*, 725 F.3d 702, 712 (7th Cir. 2013). It would be overkill for a court to respond to a *Chapman* motion by declaring that the attached, unaccepted Rule 68 offer is void and may not be admitted in *any* future setting for *any* purpose—including an unambiguously valid one like presenting it "in a proceeding to determine costs." Fed. R. Civ. P. 68(b).

Moreover, Williams's position is not limited to the proposition that Rule 68 offers are invalid in putative class actions if attached to a dispositive motion; rather, his position is that Rule 68 offers are invalid in class actions, period. Doc. 69-1 at 5 ("Rule 68 is incompatible with class actions …."). At best, Williams has made a plausible argument that Rule 68(b) prohibits attaching Rule 68 offers to dispositive motions or introducing them as evidence at trial. (The argument is plausible because it finds support in the above-quoted passage from Justice Kagan's *Genesis* dissent, though it is difficult to reconcile with *Chapman*'s suggestion that a rejected Rule 68 offer of complete relief could provide the defendant with a waiver or estoppel defense;

4

after all, how could a defendant press those defenses other than by attaching the rejected Rule 68 offer to a motion seeking judgment or presenting it at trial?) But Williams has not even tried to show that Rule 68(b) entails the broader principle that Rule 68 offers are categorically invalid in class actions—and for good reason. Imagine that Defendants had made a Rule 68 offer and Williams rejected it, but that Defendants never filed a *Chapman* motion. In that circumstance, Defendants never would have submitted evidence of the unaccepted offer, and so they could not possibly have violated Rule 68(b).

Although Williams's proposed class action exception to Rule 68 finds no support in the text of any rule or statute, it does find support in several district court decisions refusing to apply Rule 68 in putative class actions. *See Boles v. Moss Codilis, LLP*, 2011 WL 4345289, at *3 (W.D. Tex. Sept. 15, 2011); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 332 (D. Minn. 2011); *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *4 (D. Minn. Apr. 13, 2011); *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386-87 (S.D. Ohio 2008); *Strausser v. ACB Receivables Mgmt.*, 2007 WL 512789, at *1-2 (E.D. Pa. Feb. 12, 2007); *Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006); *Gibson v. Aman Collection Serv., Inc.*, 2001 WL 849525 (S.D. Ind. July 23, 2001). Those decisions reason that Rule 68 is incompatible with class litigation because, if Rule 68 offers were allowed, the named plaintiff would bear the defendant's costs if he obtained a judgment less favorable than the offer but would receive only a sliver of the class's gains if he obtained a judgment more favorable than the offer. That might make even relatively paltry offers of judgment enough to induce putative class representatives to settle, resulting in defendants using such offers to kneecap budding class actions and escape liability for the large but diffuse harms that Rule 23 is designed to redress. *See Amchem Prods., Inc. v.*

*Windsor*, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

But this court is obligated to follow Seventh Circuit precedent, and the Seventh Circuit has no problem applying Rule 68 in putative class actions. *Thorogood*, *Greisz*, and *Rand* all held that putative class actions had to be dismissed because the named plaintiffs rejected Rule 68 offers. *See Thorogood*, 595 F.3d at 752; *Greisz*, 176 F.3d at 1015; *Rand*, 926 F.2d at 597-98. And although *Chapman* overruled those decisions to the extent they rested on jurisdictional grounds, *Chapman* (itself a putative class action) noted that "the conclusion that a particular doctrine is not 'jurisdictional' does not make it vanish" and that "[r]ejecting a fully compensatory offer may have consequences other than mootness," including providing the defendant with a waiver or estoppel defense on the merits. 796 F.3d at 787. The Seventh Circuit added that "[c]ost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer," which necessarily implies that cost-shifting is at least *one* consequence of rejecting an offer. *Ibid*.

In addition, the Seventh Circuit has approved the imposing of costs on putative class representatives more generally. Rule 54(d) provides that the "prevailing party" in a civil suit generally should recover its costs from the losing party. *See United States ex rel. Pileco, Inc. v. Slurry Sys., Inc.*, 804 F.3d 889, 894 (7th Cir. 2015). Under Williams's logic, it would be inappropriate to apply Rule 54(d) in putative class actions because the prospect of cost-shifting could deter prospective class representatives from suing or coerce them into accepting an early and unfavorable settlement. But in *White v. Sundstrand Corp.*, 256 F.3d 580 (7th Cir. 2001), the

6

Seventh Circuit affirmed a cost award to the winning defendant in a putative class action, reasoning that "Rule 54 says that the prevailing party recovers costs, and nothing in Rule 23 suggests that cost-shifting is inapplicable to class actions," and adding that the putative class representatives "caused this litigation to be brought, caused the costs to be incurred, and should make the prevailing party whole." *Id*. at 585-86. *White* remains good law, as demonstrated by *Myrick v. WellPoint, Inc.*, 764 F.3d 662 (7th Cir. 2014), which affirmed a Rule 54(d) cost award to prevailing class action defendants. *Id*. at 666-67; *see also In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1151 (10th Cir. 2009) ("Rule 54's presumption that a prevailing party will recoup certain costs fully applies to class actions.").

If cost-shifting under Rule 68(d) really were inconsistent with the principles of Rule 23, then cost-shifting under Rule 54(d) would be as well. Both rules disproportionately tax class representatives, and both rules risk deterring class representatives from initiating and maintaining class litigation. True enough, Rule 54(d) imposes costs only if the plaintiff loses outright, while Rule 68 imposes costs whenever the plaintiff obtains a judgment less favorable than the defendant's offer. But that difference effects only a marginal adjustment in the incentive structure of class actions, and although he was given the opportunity, Doc. 73, Williams provided no plausible explanation as to why any distinction between the two rules should make a difference to their application to putative class actions, Doc. 75.

*Myrick* and *White* explain how representative plaintiffs may adapt to cost-shifting. Class counsel generally stand to recover much more from a winning case than their clients do; attorney fees in class action settlements almost always dwarf the recovery of even the named plaintiffs. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080-81 (7th Cir. 2013). That means not only that class counsel are better able to bear the risk of loss by dint of their more diverse

7

portfolio of cases, but also that they are less likely to be deterred by the downside of class litigation than named plaintiffs, because the prospect of victory presents them with a much higher upside. *See Myrick*, 764 F.3d at 667 ("Law firms representing would-be class representatives have portfolios of suits. Some will be settled for considerable sums; others will fail. Paying the costs of failure is part of being in this business."); *White*, 256 F.3d at 586 ("Entrepreneurial attorneys already supply risk-bearing services in class actions. They invest legal time on contingent fee, taking the risk of failure in exchange for a premium award if the class prevails. A suit such as this, designed to generate a substantial financial return, induces lawyers to compete for the opportunity to represent the class. What we held in *Rand* is that, without violating ethical standards, attorneys may agree to bear the risk of a costs award, as well as the risk that their time will go uncompensated. By moving the risk of loss from the representative plaintiffs to the lawyers (who spread that risk across many cases and thus furnish a form of insurance) counsel can eliminate the financial disincentive that costs awards otherwise would create."). Also, if the class representative receives and rejects a Rule 68 offer and then obtains a class settlement or favorable judgment, the court has the discretion, though not the obligation, to allow a higher incentive payment to reimburse him for the additional risk that he bore. *See In re Synthroid Mktg. Litig*., 264 F.3d 712, 722-23 (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives.").

For the foregoing reasons, the court denies Williams's request to invalidate or strike Defendants' second Rule 68 offer.

December 7, 2015

United States District Judge